IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02135-BNB

MARINO BERNARD SCOTT,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
C. DANIELS, (CEO/Warden),
N. HILDE, (SIS Tech/Office),
T. POLAND, (Mail room Officer),
U.S.P. FLORENCE ADMINISTRATION,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 5 2010

GREGORY C. LANGHAM
                CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Marino Bernard Scott, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Scott initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Scott is a *pro se* litigant. See ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Scott will be ordered to file an Amended Complaint.

The twin purposes of a complaint are to give the opposing parties fair notice of the bases for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989).* The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).* Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct . . . ." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Scott's allegations are generally unintelligible. Mr. Scott asserts three claims for relief as follows: (1) N. Hilde violated his "secured party rights to contract"; (2) Theft of property and "conspiracy to theft of federal mail"; and (3) "Infringement upon unalienable rights and liberty." Mr. Scott's first two claims do not appear to assert any violation of a recognizable constitutional right. Instead, in claims one and two, Mr. Scott focuses primarily on the argument that he has "sovereign status and is the secured party creditor, authorized representative, principal of MARINO BERNARD SCOTT." Mr. Scott is advised that this argument does not appear to assert any recognizable

constitutional violation.

Moreover, in the Complaint, Mr. Scott sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the Complaint is verbose and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Mr. Scott, therefore, will be directed to file an Amended Complaint that asserts constitutional violations and complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The Complaint suffers from other deficiencies. Mr. Scott may not sue the United States of America, the Federal Bureau of Prisons, or the U.S.P. Florence in a *Bivens* action. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). Mr. Scott also must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims in the text of the Complaint. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

To establish personal participation, Mr. Scott must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation

3

and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Scott further is instructed that to state a claim in federal court his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Scott file an Amended Complaint that complies with the particulars of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Scott, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Scott fails to comply with this Order within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED October 5, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02135-BNB

Marino Bernard Scott
Reg No. 18161-075
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/5/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk