IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02135-BNB

MARINO BERNARD SCOTT,

       Plaintiff,

v.

CHARLES A. DANIELS, (CEO/Warden),
NORMA M. HILDE, (SIS Tech/Office), and
TIMOTHY M. POLAND, (Mailroom Officer),

       Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 1 2 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

       Plaintiff, Marino Bernard Scott, is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Scott initiated this action by filing a ***pro se*** prisoner complaint pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). He has been granted leave to proceed ***in forma pauperis*** with payment of an initial partial filing fee.

       On October 5, 2010, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure, and failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Scott to file an amended prisoner complaint within thirty days. Mr. Scott submitted an amended complaint on October 25, 2010.

The Court must construe the amended complaint liberally because Mr. Scott is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Scott is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Scott asserts three claims in this action. In his first and second claims, Mr. Scott asserts claims for "theft of private property . . . theft of federal mail, grand larceny, interfering with access to commerce, conspiracy, harassment and constitutional violations." Amended Complaint at 5, 10. He alleges that Defendants Timothy M. Poland and Norma M. Hilde have intercepted and interfered with his constitutionally protected legal mail. *Id.* The Court will construe these claims as asserting violations of Mr. Scott's First Amendment right to access the courts and right to send and receive legal mail. *See Wardell v. Duncan*, 470 F.3d 954, 959-63 (10th Cir. 2006); *see also*

2

*Brown v. Saline County Jail*, 303 Fed. Appx. 678, 684 (10th Cir. Dec. 18, 2008).  In

his third claim, Mr. Scott asserts that he has been subjected to "harassment [and] First,

Fifth and Eight[h] Amendment constitutional violations."  Amended Complaint at 15.  He

alleges that after he attempted to access the courts by sending out mail through another

inmate, he received an incident report and was placed in administrative segregation.  *Id.*

He alleges that he was held in administrative segregation for approximately 190 days,

with no further explanation.  *Id.*  He also asserts that he was exposed to hepatitis B and

other diseases in administrative segregation and that he did not receive necessary

medical attention.  *Id.*

However, the Court notes that Mr. Scott does not assert any claims against

Defendant Warden Charles A. Daniels in the Amended Complaint.  Instead of asserting

any claims against Defendant Daniels, in the "Parties" section of his Amended

Complaint, Mr. Scott alleges that Defendant Daniels was "informed of staff violations of

Plaintiff's constitutional rights.  He failed his primary responsibility to ensure the

standards of employee conduct was [sic] upheld."  Amended Complaint at 2.  Mr. Scott

appears to be suing Defendant Daniels because he allegedly is responsible for the

constitutional violations committed by other Defendants.  These allegations fail to

establish the personal participation of Defendant Daniels.  Mr. Scott was previously

warned by Magistrate Judge Boland that personal participation is an essential allegation

in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir.

1976).  There must be an affirmative link between the alleged constitutional violation

and each Defendant's participation, control or direction, or failure to supervise.  *See*

*Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not

be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Because Mr. Scott fails to assert that Defendant Daniels personally participated in violating his constitutional rights, Defendant Charles A. Daniels is an improper party to the action and will be dismissed

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Scott's claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. The only remaining Defendants are Norma M. Hilde and Timothy M. Poland. Accordingly, it is

ORDERED that Defendant Charles A. Daniels is dismissed as a party to this action for Plaintiff's failure to allege his personal participation. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this <u>12th</u> day of <u>November</u>, 2010.

BY THE COURT:

Christine M Arguello

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02135-BNB

Marino Bernard Scott
Reg No. 18161-075
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/12/10

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk