IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 10-cv-02135-WYD-MJW

MARINO BERNARD SCOTT

 Plaintiff,
v.

NORMA M. HILDE, (SIS Tech/Office) and TIMOTHY M. POLAND, (Mailroom Officer),

 Defendants.
_____

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

  This matter is before the Court on Plaintiff's "Order To Cause For A -Injunction- A Temporary Restraining Order, which was filed on December 13, 2010 [ECF No. 21] and Motion for Preliminary Injunction/TRO, filed January 5, 2011 [ECF No. 26].  These motions were referred to Magistrate Judge Watanabe for a recommendation by Orders of Reference dated December 15, 2010 and January 6, 2011 [ECF Nos. 22 and 27, respectively].  Magistrate Judge Watanabe issued a  Recommendation on June 20, 2011, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Watanabe recommends therein that Plaintiff's requests be denied because he has not established a substantial likelihood of success on the merits.

  On June 29, 2011, Plaintiff filed a timely Objection. Consequently, I must examine the Objections and Recommendation and make a *de novo* determination as to those specified proposed findings or recommendations to which objection is made.

FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(B).

Plaintiff is in the custody of the United States Bureau of Prisons and is currently housed at the United States Penitentiary in Florence, Colorado. His Amended Prisoner Complaint currently contains three claims which involve allegations of theft of private property and violations of constitutional rights, among others.

Plaintiff's requests for a Temporary Restraining Order and Permanent Injunction ["Requests"] have been considered by Magistrate Judge Watanabe. The Requests seek to enjoin behavior by Defendants and related parties from activities which Plaintiff says harm his ability to exercise his right to gain redress through legal proceedings.

The Recommendation contains a discussion of the balancing act required of these institutional defendants to allow prisoners their First Amendment rights while maintaining legitimate penological interests. Defendants countered Plaintiff's Requests with an affidavit that detailed internal disciplinary actions brought against Plaintiff based on his alleged misuse of his First Amendment rights. The Recommendation noted that "Plaintiff has not shown that any or all of these disciplinary charges have been reversed on appeal or by a court." (Rec. at 7-8). In addition, Plaintiff has failed to allege any actual injury, meet his burden of showing that the injunction is not adverse to the public interest or make nonspeculative allegations of future retaliation.

Plaintiff's Objections to the Recommendation fail to show that the ruling on the requests should have been any different than those contained in the Recommendation. For example, on page 2 of his Objections, he attacks Defendant Hilde for the statement in her affidavit that she has not confiscated any of Plaintiff's mail that met the institutional guidelines. Plaintiff asks "What about" a certain complaint he attempted to

file that had another inmate's name on the envelope as the sender.  It is apparent that the very description given by Plaintiff, noting that the document was sent with another inmate's name as the sender, precluded that piece of mail from complying with institutional guidelines.  The fact that he was 'forced' to do so does not change the situation.

Similarly, Plaintiff makes admissions in his Objections that support Defendants' need to closely monitor his mail.  An example is contained on page 3 of the Objections where he argues that there was nothing improper about his informing one of the Defendants that he was going to file a lien against her professional bond because she had violated his constitutional rights.  Plaintiff argues that he was legally required to inform the Defendant of his intentions and that the notice was not intended to "harass, intimidate, offend or impede public procedure."  Despite his protestations, his saying that there was nothing improper about the mail does not make it so.

Plaintiff also discusses having attempted to mail a 'criminal complaint' as well as numerous tax forms and a form reporting suspicious activity to the U. S. Securities and Exchange Commission.  He makes no showing that any of these were legitimate.

Plaintiff's Objections also include a disjoined section about how he was attempting to exhaust his administrative remedies with regard to an administrative offset, a Discharge of Public Debt, a Global Banker's Acceptance and something about the Middle District of Tennessee.  These arguments are without merit.

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of June 20, 2011 [ECF No. 60] is AFFIRMED AND ADOPTED.  In accordance therewith, it is

ORDERED that the "Order To Cause For A -Injunction- A Temporary Restraining Order [ECF No. 21] and Motion for Preliminary Injunction/TRO [ECF No. 26] are **DENIED**.

Dated:  September 8, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge